1  JEFFREY A. MILLER (SBN 160602)
   jmiller@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
3  Menlo Park, CA  94025
   Telephone: (650) 614-7400
4  Facsimile: (650) 614-7401

5  Attorneys for Plaintiff
   CADENCE DESIGN SYSTEMS, Inc.
6

7

8

9

**ORIGINAL FILED**

FEB 1 5 2011

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

E-filing

                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11                    C V 11 - 0713  MEJ

12
   CADENCE DESIGN SYSTEMS, INC., a        Case No.
13 Delaware corporation,

14            Plaintiff,                    **COMPLAINT FOR PATENT
                                           INFRINGEMENT AND
15      v.                                 DECLARATORY JUDGMENT OF
                                           NON-INFRINGEMENT AND PATENT
16 OEA INTERNATIONAL, INC., a Washington   INVALIDITY**
   corporation and LONESTAR INVENTIONS
17 LP, a Texas limited partnership,        **DEMAND FOR JURY TRIAL**

18            Defendant.

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Cadence Design Systems, Inc. ("Cadence") alleges the following in support of its

2   Complaint for Patent Infringement And Declaratory Judgment Of Non-Infringement And Patent

3   Invalidity and Demand For Jury Trial against defendants OEA International, Inc. ("OEA") and

4   Lonestar Inventions, LP.

5                                             **PARTIES**

6       1.    Cadence is a Delaware corporation having a principle place of business at 2600

7   Seely Avenue, San Jose, CA 94134.

8       2.    On information and belief, OEA is a Washington corporation having a principle

9   place of business at 155 East Main Avenue, Suite 110, Morgan Hill, CA 95037.  OEA is

10   registered to do business in California.

11       3.    On information and belief, Lonestar Inventions LP ("Lonestar") is a Texas limited

12   partnership, with a principle place of business at 8838 Chalk Knoll Drive, Austin, Texas 78735.

13   According to records at the Texas Secretary of State, Lonestar has a single shareholder, Lonestar

14   Inventions Management, LLC ("LIM").  Lonestar's original Certificate of Limited Partnership

15   filed with the Texas Secretary of State stated the "[t]he location of the principle office in the

16   United States where records are kept is c/o O. Ersed Akacasu, OEA International, Inc., 155 East

17   Man Avenue, Suite 110, Morgan Hill, CA 95037."  On information and belief, OEA

18   International, Inc. is defendant OEA.  The Articles of Organization of LIM list Osman Ersed

19   Akasu and Gerald Tallinger as LIM's managers.  On information and belief, Osman Ersed Akasu

20   and Gerald Tallinger are the President and Vice-President, respectively, of OEA

21                                          **JURISDICTION**

22       4.    This infringement action arises under the patent laws of the United States, Title 35,

23   United States Code.  This is also an action for declaratory relief brought pursuant to the

24   Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter

25   jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

26       5.    This Court has personal jurisdiction over OEA because OEA designs, uses, offers

27   for sale and/or sells electronic design automation products, including parasitic extraction tools

28

COMPLAINT FOR PATENT INFRINGEMENT AND
DECLARATORY JUDGMENT

1    (referred to as "the Accused OEA Products") in the United States, including in the State of

2    California.

3         6.    This Court has personal jurisdiction over Lonestar because, on information and

4    belief, agents and/or employees of Lonestar, *inter alia*, conduct patent licensing discussions in the

5    State of California.

6    **VENUE**

7         7.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

8    Plaintiff Cadence is a Delaware corporation with a principal place of business in San Jose,

9    California, which is in the Northern District of California.  On information and belief, OEA is a

10   Washington corporation, with a principal place of business in Morgan Hill, California, which is

11   also in the Northern District of California.  OEA has committed acts of infringement in the

12   Northern District of California.  On information and belief, Lonestar has conducted activities in

13   the Northern District of California.  Accordingly, venue in the Northern District of California is

14   proper under 28 U.S.C. §§1391(b), 1400(b).

15   **COUNT I**

16   **(Infringement of United States Patent No. 7,299,428 Against OEA)**

17        8.    Paragraphs 1-7 of the Complaint as set forth above are incorporated herein by

18   reference.

19        9.    On November 20, 2007, United States Patent No. 7,299,428 ("the '428 patent")

20   entitled "Model Stamping Matrix Check Technique In Circuit Simulator" was duly and legally

21   issued to Yutao Ma, Bruce McGaughy and Zhihong Liu.  Cadence is the owner of all right, title

22   and interest to the '428 patent by virtue of assignment.  A copy of the '428 patent is attached

23   hereto as Exhibit A and made a part hereof.

24        10.    Upon information and belief, OEA has infringed and continues to infringe the '428

25   patent under 35 U.S.C. § 271.  The infringing acts include, but are not limited to, making, using,

26   importing, selling and offering for sale OEA's software products in the United States.  The

27   Accused OEA Products include but are not limited to its Spiral product.  OEA has been

28   performing these acts without authorization from Cadence.

COMPLAINT FOR PATENT INFRINGEMENT AND
DECLARATORY JUDGMENT

11.     OEA's acts of infringement have caused damage to Cadence in an amount subject to proof at trial.  Under 35 U.S.C. § 284, Cadence is entitled to recover from OEA the damages sustained by Cadence as a result of OEA's infringement of the '428 patent.  OEA's infringement of Cadence's exclusive rights under the '428 patent will continue to damage Cadence's business, causing it irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

12.     Upon information and belief, OEA's infringement of the '428 patent has been willful and deliberate, given OEA's knowledge of the patent and its reckless disregard of the possibility that its conduct was infringing, and entitles Cadence to increased damages under 35 U.S.C. § 284.

**COUNT II**

**(Infringement of United States Patent No. 6,536,023 Against OEA)**

13.     Paragraphs 1-7 of the Complaint as set forth above are incorporated herein by reference.

14.     On March 18, 2003, United States Patent No. 6,536,023 ("the '023 patent") entitled "Method And System For Hierarchical Metal-End, Enclosure And Exposure Checking" was duly and legally issued to Muni B.S. Mohan and Kevin E. Moynihan.  Cadence is the owner of all right, title and interest to the '023 patent by virtue of assignment.  A copy of the '023 patent is attached hereto as Exhibit B and made a part hereof.

15.     Upon information and belief, OEA has infringed and continues to infringe the '023 patent under 35 U.S.C. § 271.  The infringing acts include, but are not limited to, making, using, importing, selling and offering for sale OEA's software products in the United States.  The Accused OEA Products include but are not limited to its Spiral product.  OEA has been performing these acts without authorization from Cadence.

16.     OEA's acts of infringement have caused damage to Cadence in an amount subject to proof at trial.  Under 35 U.S.C. § 284, Cadence is entitled to recover from OEA the damages sustained by Cadence as a result of OEA's infringement of the '023 patent.  OEA's infringement of Cadence's exclusive rights under the '023 patent will continue to damage Cadence's business,

COMPLAINT FOR PATENT INFRINGEMENT AND
DECLARATORY JUDGMENT

1   causing it irreparable harm, for which there is no adequate remedy at law, unless enjoined by this

2   Court under 35 U.S.C. § 283.

3        17.    Upon information and belief, OEA's infringement of the '023 patent has been

4   willful and deliberate, given OEA's knowledge of the patent and its reckless disregard of the

5   possibility that its conduct was infringing, and entitles Cadence to increased damages under 35

6   U.S.C. § 284.

7                                **COUNT III**

8              **(Infringement of United States Patent No. 6,721,922 Against OEA)**

9        18.    Paragraphs 1-7 of the Complaint as set forth above are incorporated herein by

10  reference.

11       19.    On April 13, 2004, United States Patent No. 6,721,922 ("the '922 patent") entitled

12  "System For Electronic Circuit Characterization, Analysis, Modeling And Plan Development"

13  was duly and legally issued to Don Walters, Paul Foster and Tina Najibi.  Cadence is the owner

14  of all right, title and interest to the '922 patent by virtue of assignment.  A copy of the '922 patent

15  is attached hereto as Exhibit C and made a part hereof.

16       20.    Upon information and belief, OEA has infringed and continues to infringe the '922

17  patent under 35 U.S.C. § 271.  The infringing acts include, but are not limited to, making, using,

18  importing, selling and offering for sale OEA's software products in the United States.  The

19  Accused OEA Products include but are not limited to its Spiral, Panther and Cougar products.

20  OEA has been performing these acts without authorization from Cadence.

21       21.    OEA's acts of infringement have caused damage to Cadence in an amount subject

22  to proof at trial.  Under 35 U.S.C. § 284, Cadence is entitled to recover from OEA the damages

23  sustained by Cadence as a result of OEA's infringement of the '922 patent.  OEA's infringement

24  of Cadence's exclusive rights under the '922 patent will continue to damage Cadence's business,

25  causing it irreparable harm, for which there is no adequate remedy at law, unless enjoined by this

26  Court under 35 U.S.C. § 283.

27       22.    Upon information and belief, OEA's infringement of the '922 patent has been

28  willful and deliberate, given OEA's knowledge of the patent and its reckless disregard of the

COMPLAINT FOR PATENT INFRINGEMENT AND
DECLARATORY JUDGMENT

1  possibility that its conduct was infringing, and entitles Cadence to increased damages under 35
2  U.S.C. § 284.

3                                    **COUNT IV**

4              **(Infringement of United States Patent No. 7,076,415 Against OEA)**

5         23.     Paragraphs 1-7 of the Complaint as set forth above are incorporated herein by
6  reference.

7         24.     On April 28, 2000, United States Patent No. 7,076,415 ("the '415 patent") entitled
8  "System For Mixed Signal Synthesis" was duly and legally issued to Michael J. Demler, Stephen
9  Lim, Geoffrey Ellis, Leslie D. Spruiell, Robert W. McGuffin and Bent H. Sorensen.  Cadence is
10 the owner of all right, title and interest to the '415 patent by virtue of assignment.  A copy of the
11 '415 patent is attached hereto as Exhibit D and made a part hereof.

12        25.     Upon information and belief, OEA has infringed and continues to infringe the '415
13 patent under 35 U.S.C. § 271.  The infringing acts include, but are not limited to, making, using,
14 importing, selling and offering for sale OEA's software products in the United States.  The
15 Accused OEA Products include but are not limited to its Spiral, Panther and Cougar products.
16 OEA has been performing these acts without authorization from Cadence.

17        26.     OEA's acts of infringement have caused damage to Cadence in an amount subject
18 to proof at trial.  Under 35 U.S.C. § 284, Cadence is entitled to recover from OEA the damages
19 sustained by Cadence as a result of OEA's infringement of the '415 patent.  OEA's infringement
20 of Cadence's exclusive rights under the '415 patent will continue to damage Cadence's business,
21 causing it irreparable harm, for which there is no adequate remedy at law, unless enjoined by this
22 Court under 35 U.S.C. § 283.

23        27.     Upon information and belief, OEA's infringement of the '415 patent has been
24 willful and deliberate, given OEA's knowledge of the patent and its reckless disregard of the
25 possibility that its conduct was infringing, and entitles Cadence to increased damages under 35
26 U.S.C. § 284.

27
28

COMPLAINT FOR PATENT INFRINGEMENT AND
DECLARATORY JUDGMENT

## COUNT V

### (Infringement of United States Patent No. 7,152,215 Against OEA)

28.     Paragraphs 1-7 of the Complaint as set forth above are incorporated herein by reference.

29.     On April 13, 2004, United States Patent No. 7,152,215 ("the '215 patent") entitled "Dummy Fill For Integrated Circuits" was duly and legally issued to Taber H. Smith, Vikas Mehrotra and David White.  Cadence is the owner of all right, title and interest to the '215 patent by virtue of assignment.  A copy of the '215 patent is attached hereto as Exhibit E and made a part hereof.

30.     Upon information and belief, OEA has infringed and continues to infringe the '215 patent under 35 U.S.C. § 271.  The infringing acts include, but are not limited to, making, using, importing, selling and offering for sale OEA's software products in the United States.  The Accused OEA Products include but are not limited to its Spiral product.  OEA has been performing these acts without authorization from Cadence.

31.     OEA's acts of infringement have caused damage to Cadence in an amount subject to proof at trial.  Under 35 U.S.C. § 284, Cadence is entitled to recover from OEA the damages sustained by Cadence as a result of OEA's infringement of the '215 patent.  OEA's infringement of Cadence's exclusive rights under the '215 patent will continue to damage Cadence's business, causing it irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court under 35 U.S.C. § 283.

32.     Upon information and belief, OEA's infringement of the '215 patent has been willful and deliberate, given OEA's knowledge of the patent and its reckless disregard of the possibility that its conduct was infringing, and entitles Cadence to increased damages under 35 U.S.C. § 284.

## COUNT VI

### (Declaratory Judgment of Non-infringement of U.S. Patent No. 5,208,725 Against Lonestar)

33.     Paragraphs 1-7 of the Complaint as set forth above are incorporated herein by reference.

- 6 -

34.     Cadence is a world-wide leader in the design and sale of electronic design automation tools used by engineers for the design of integrated circuits.  Due to Cadence's expertise and leadership in the electronic design automation field, companies often retain Cadence to design integrated circuits for them.  In the electronics industry, such activities are referred to as "design services."  One such company Cadence has performed design services for is Sony Corporation.  Under the terms of the contract governing the design services Cadence provides to Sony, Cadence has certain indemnification obligations for third party claims alleging that the integrated circuit designs Cadence supplies to Sony Corporation infringe the patents of others.

35.     On November 5, 2010, defendant Lonestar filed a complaint for patent infringement against Sony Electronics Inc. and Sony Computer Entertainment America, Inc., which, on information and belief, are subsidiaries of Sony Corporation.  Lonestar's complaint accuses the Sony CXD2819R of infringing U.S. Patent No. 5,208,725 ("the '725 patent").  The Sony CXD2819R was designed by Cadence for Sony pursuant to a design services contract.  A copy of the '725 patent is attached hereto as Exhibit F and made a part hereof.

36.     Cadence denies that Sony CXD2819R infringes or has infringed any valid claim of the '725 patent, directly, indirectly, contributorily, or otherwise and contends that the '725 patent invalid for failure to comply with the patent laws of the United States, including, without limitation, the provisions of 35 U.S.C. §§ 102, 103 and 112.

37.     Accordingly, Cadence seeks a Declaratory Judgment from this Court pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, that the '725 patent is not infringed by Cadence.

38.     Cadence also seeks a Declaratory Judgment from this Court pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, declaring that the '725 patent is invalid for failure to comply with the patent laws of the United States, including, without limitation, the provisions of 35 U.S.C. §§ 102, 103 and 112.

COMPLAINT FOR PATENT INFRINGEMENT AND
DECLARATORY JUDGMENT

39.     A judicial declaration is necessary and appropriate at this time so that Cadence may ascertain its rights and duties with respect to the manufacture and sale of its products that Lonestar has alleged infringes the '725 patent.

## PRAYER FOR RELIEF

Cadence requests that the Court find in its favor and against OEA and Lonestar and that the Court grant the following relief:

a.     Judgment that one or more of the claims of the '428, 023, '922, '415, and '215 patents have been infringed, directly, indirectly, contributorily and/or by inducement, either literally and/or under the doctrine of equivalents, by OEA;

b.     Judgment in favor of Cadence for the full amount of its actual damages caused by OEA's direct, indirect, contributory and/or induced infringement of the '428, 023, '922, '415, and '215  patents, which include lost profits and/or a reasonable royalty and an assessment of interests and costs, and trebling the same by reason of the willful, wanton, and deliberate nature of such infringement;

c.     Judgment that OEA's direct, indirect, contributory and/or by induced infringement of the '428, 023, '922, '415, and '215 patents is willful;

d.     Judgment that OEA be preliminarily and permanently enjoined from further activity or conduct that infringes the claims of the '428, 023, '922, '415, and '215 patents;

e.     Judgment declaring that Cadence has not infringed and does not infringe the '725 patent, directly, indirectly, or contributorily;

f.     Judgment declaring that the '725 patent is invalid;

g.     Judgment that this is an "exceptional case" and awarding Cadence its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

h.     Judgment that the Court award Cadence such other and further relief as is just and proper under the circumstances.

COMPLAINT FOR PATENT INFRINGEMENT AND
DECLARATORY JUDGMENT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

Dated: 15 February 2011

_____
JEFFREY A. MILLER
Attorneys for Plaintiff

### JURY DEMAND

Cadence hereby demands a trial by jury on all issues set forth in its Complaint for patent Infringement And Declaratory Judgment Of Non-Infringement And Patent Invalidity pursuant to Fed.R.Civ.P. 38 and Civil L.R. 3-6.

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

Dated: 15 February 2011

_____
JEFFREY A. MILLER
Attorneys for Plaintiff

- 9 -