1  HENRY C BUNSOW (SBN 60707)
   hbunsow@dl.com
2  BRIAN A.E. SMITH (SBN 188147)
   baesmith@dl.com
3  DINO HADZIBEGOVIC (SBN 267489)
   dhadzibegovic@dl.com
4  DEWEY & LEBOEUF LLP
   One Montgomery Street, Suite 3500
5  San Francisco, CA 94104
   Telephone: (415) 951-1100
6  Facsimile:  (415) 951-1180

7  AARON R. HAND (SBN 245755)
   ahand@dl.com
8  DEWEY & LEBOEUF LLP
   1950 University Avenue, Suite 500
9  East Palo Alto, CA 94303
   Telephone: (650) 845-7000
10 Facsimile: (650) 845-7333

11 Attorneys for Defendants
   OEA INTERNATIONAL, INC.
12 AND LONESTAR INVENTIONS LP

13              IN THE UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15                      OAKLAND DIVISION

16 | CADENCE DESIGN SYSTEMS, INC., a Delaware | ) | Case No. CV11-0713 SBA |
   corporation,

17                                            )  **ORDER GRANTING DEFENDANT**
                                              )  **LONESTAR INVENTIONS LP'S**
18                        Plaintiff,          )  **MOTION TO SEVER AND TO**
                                              )  **TRANSFER**
19              vs.                           )

20 OEA INTERNATIONAL, INC., a Washington     )  **Date:        September 19, 2011**
   corporation and LONESTAR INVENTIONS LP, a )  **Time:        1:00 p.m.**
21 Texas limited partnership,                 )  **Crtm:        1, 4th Floor**
                                              )  **Hon:         Saundra Brown Armstrong**
                        Defendant.            )
22

23

24          Before the Court is defendant Lonestar Inventions LP's ("Lonestar") Motion to Sever and to

25 Transfer (ECF No. 21).  The matter has been fully briefed (ECF Nos. 21, 25, 27). Having considered

26 the parties' arguments, the Court **GRANTS** defendant Lonestar 's motion to sever and to transfer.

27

28
                                            -1-
   PROPOSED ORDER GRANTING LONESTAR'S
   MOTION TO SEVER AND TO TRANSFER

I.    **PROCEDURAL POSTURE**

    A.    **The Lonestar v. Sony Proceeding (E.D. Texas)**

On November 5, 2010, Lonestar filed a complaint against Sony Electronics Inc. and Sony Computer Entertainment America, Inc. in the Eastern District of Texas for patent infringement of U.S. Patent No. 5,208,725 ("the '725 patent").[1] That case, No. 6:10-CV-588, is now pending before Judge Leonard Davis, and is underway.  Following a June 9, 2011 status conference, Judge Davis entered Docket Control and Discovery Orders establishing case deadlines, setting a June 7, 2012 Markman Hearing, and an April 2013 trail date.  *See* Case No. 6:10-CV-558, ECF Nos. 34, 39. Judge Davis referred pretrial proceedings to Magistrate Judge John D. Love.  In August, Magistrate Judge Love entered a protective order, and additional orders concerning the discovery of electronically stored information and the submission of materials and briefing for claim construction. *See* Case No. 6:10-CV-558, ECF Nos. 44, 45-47.

On April 25, 2011, in the Eastern District of Texas proceeding, Sony filed a motion to change venue to this Court.  Sony's motion to change venue was denied by Magistrate Judge Love on August 29, 2011.  *See* Case No. 6:10-CV-558, ECF No. 49.[2]

Neither Cadence nor OEA International are parties in the Lonestar v. Sony Texas proceeding.

    B.    **The Instant Proceeding**

On February 15, 2011, Cadence filed the instant action in this Court.  In the first five counts, Cadence accuses OEA of infringing five U.S. Patents: 7,299,428 ("the '428 patent"); 6,536,023("the '023 patent"); 6,721,922 ("the '922 patent"); 7,076,415 ("the '415 patent") and 7,152,215 ("the '215 patent), collectively ("the Cadence Patents").  ECF No. 1 ¶¶ 8-32. In addition, and of particular relevance to the pending Motion, in Count VI of its complaint, Cadence seeks declaratory judgment of non-infringement and invalidity of the '725 patent against Lonestar, with specific reference to the now-pending action against Sony in the Eastern District of Texas. ECF No. 1 ¶¶ 33-39.  Sony is not a party to this action.

---

[1] Sony Computer Entertainment America, Inc. was dismissed; Sony Electronics Inc. is the sole defendant in the action.
[2] The Lonestar v. Sony docket indicates that Sony filed a Motion for Reconsideration on September 12, 2011.  *See* Case No. 6:10-CV-558, ECF No. 50.

PROPOSED ORDER GRANTING LONESTAR'S
MOTION TO SEVER AND TO TRANSFER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.      LEGAL STANDARD

### A.      Severance

Under Fed. R. Civ. P. 12, "[a]ny claim against a party may be severed and proceeded with separately."  Joinder of parties or claims is permissive under Fed. R. Civ. P. 20 if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*

> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20.  Joinder is not a substantive right but is a procedural device permitting joinder of multiple related claims when appropriate.  *Fowler Mfg. Co. v. Gorlick*, 415 F.2d 1248, 1255 (9th Cir. 1969).

In patent infringement actions, claims against multiple defendants for independent acts of infringement generally do not constitute "the same transaction or occurrence" under Rule 20.  *See, e.g.*, *Finisar Corp. v. Source Photonics, Inc.*, No. C 10-00032 WHA (N.D. Cal. May 5, 2010); *Colt Dej LLC v. Heckler & Koch Dej, Inc.*, No. 2:04cv258, 2004 U.S. Dist. LEXIS 28690, at *13 (E.D. Va. Oct. 22, 2004) ("[T]he overwhelming authority from other jurisdictions indicates that allegations against multiple and unrelated defendants for independent acts of infringement do not set forth claims arising from the same transaction or occurrence within the meaning of Rule 20(a).").

### B.      Transfer

The first-to-file rule permits a district court to transfer a case to a sister court so that all issues can be resolved in the same forum.  *See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 185 (1952).  "The general rule favors the forum of the first-filed action, whether or not it is a declaratory action."  *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *overruled on other grounds as stated in Sealing Sys. v. Adaptor, Inc.*, No. 10-CV-0974, 2010 U.S. Dist. LEXIS 74199 (D. Minn. July 22, 2010).  Federal Circuit precedent governs the application of the first-to-file rule in patent cases. *See Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005).

PROPOSED ORDER GRANTING LONESTAR'S
MOTION TO SEVER AND TO TRANSFER

1    The first-to-file rule "serves the purpose of promoting efficiency well and it should not be

2    disregarded lightly." *Intuitive Surgical, Inc. v. Cal. Inst. of Tech.*, No. C07-0063-CW, 2007 U.S.

3    Dist. LEXIS 31753, at *4 (N.D. Cal. Apr. 18, 2007) (citation omitted). Exceptions to the first-to-file

4    rule should be justified by a "sound reason that would make it unjust or inefficient to continue the

5    first filed action." *Interactive Fitness Holdings, LLC v. ICON Health & Fitness, Inc.*, No. 10-CV-

6    04628-LHK, 2011 U.S. Dist. LEXIS 39636, at *4 (N.D. Cal. Apr. 5, 2011) (quoting Genentech, Inc.

7    v. Eli Lilly & Co., 998 F.2d 931, 938 (Fed. Cir. 1993)).  In applying the first-to-file rule, a court

8    looks to three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the

9    parties; and (3) the similarity of the issues." *Microchip Tech., Inc. v. United Module Corp.*, 2011

10   U.S. Dist. LEXIS 73276, at *10 (N.D. Cal. July 7, 2011).

11   "Under Federal Circuit precedence, a manufacturer's declaratory judgment suit should be

12   given preference over a patentee's suit against the manufacturer's customers when those customers

13   are being sued for their **ordinary use** of the manufacturer's products." *Ricoh Co. Ltd. v. Aeroflex*

14   *Inc.*, 279 F. Supp. 2d 554 557 (D. Del. 2003) (emphasis added).  In evaluating the customer suit

15   exception the "primary question is whether the issues and parties are such that the disposition of one

16   case would be dispositive of the other." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1463 (Fed. Cir.

17   1990).  The customer suit exception may be inapplicable where different parties are before the

18   Court.  *See Microchip*, 2011 U.S. Dist. LEXIS 73276, at *16-17.  The exception is also inapplicable

19   when a manufacturer makes but a component of an end product, where the end product is accused of

20   infringement.  *See Microsoft Corp. v. Commonwealth Sci. & Indus. Res. Org.*, No. 6:06CV549 &

21   550, 2007 U.S. Dist. LEXIS 91550, at *10 (E.D. Tex. Dec. 13, 2007).

22   28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest

23   of justice, a district court may transfer any civil action to any other district or division where it might

24   have been brought."  A motion for transfer pursuant to § 1404(a) lies within the discretion of the

25   district court and depends on the facts of the particular case. *Jones v. GNC Franchising, Inc.*, 211

26   F.3d 498 (9th Cir. 2000).

27   The transfer analysis under Section 1404 is two-fold. First, the defendant must establish that

28

-4-

the matter "might have been brought" in the district to which transfer is sought. 28 U.S.C. § 1404(a). Provided that the first prong is satisfied, the district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones*, 211 F.3d at 497 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation omitted)).

A motion to transfer venue under § 1404(a) requires the court to weigh multiple private and public interest factors. The court may consider: (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

## III.   DISCUSSION

### A.   Cadence's Claim for Declaratory Judgment of the '725 Should Be Severed

In this action, Cadence asserted five patents against OEA International.  Those claims, which accuse OEA products of infringing Cadence's patents, do not involve the '725 patent.  There is no connection or relationship between the asserted Cadence Patents and the '725 patent.  The technology described in the asserted Cadence patents is not related to the '725 patent.

Moreover, the infringement action regarding the '725 patent now pending before the district court in the Eastern District of Texas involves different parties (Lonestar v. Sony) than Cadence's claims of infringement filed before this Court (Cadence v. OEA International).  Cadence's separate infringement claims against OEA do not arise out of the "same transaction, occurrence, or series of transactions or occurrences" and there is no "question of law or fact common to all defendants." Fed. R. Civ. P. 20.

### B.   Cadence's Declaratory Claim for Declaratory Judgment of the '725 Should Be Transferred to the Eastern District of Texas

Under the framework set forth in *Microchip Tech., Inc. v. United Module Corp.*, 2011 U.S. Dist. LEXIS 73276, at *10 (N.D. Cal. July 7, 2011), Count VI of Cadence's complaint should be severed under the first-to-file rule in light of "(1) the chronology of the two actions; (2) the similarity

-5-

1    of the parties; and (3) the similarity of the issues."

2          Lonestar's infringement claim against Sony was filed three months before Cadence filed the

3    instant proceeding.  The Court and parties have already devoted significant resources in the Eastern

4    District of Texas proceeding — docket control orders are in place, claim construction proceedings

5    are scheduled, and the case is calendared for trial. Concerning the similarity of the issues, they are

6    the same with regard to the Texas case as they would be here with respect to the '725 patent. In the

7    Texas case, Sony (likely with Cadence's assistance) will contend that it does not infringe and/or that

8    the '725 patent is invalid.  These contentions, and its relationship with Sony, form the basis of

9    Cadences declaratory judgment action in this Court.

10          Notably, Judge Davis already declined to transfer the Eastern District of Texas proceeding to

11   this Court, rejecting the customer-suit exception to the first-filed rule.  *See* 8/29/2011 Order (Case

12   No. 6:10-cv-588 ECF No. 49) at 10-11.  Cadence does not argue that Sony is a "mere reseller" of the

13   product accused to infringe Lonestar's '725 patent.  Nor is there evidence that Sony engages in the

14   "ordinary use" of a product manufactured by Cadence. S*ee Kahn v. General Motors Corp*., 889 F.2d

15   1078, 1081-82 (Fed. Cir. 1990); *Alke B.V. v. L.B. White Co*., No. 3:08-CV88-C, 2008 U.S. Dist.

16   LEXIS 46760, at *8 (W.D.N.C. June 13, 2008) (party is not a "mere customer" when it "is involved

17   in the manufacturing and assembly that takes place after components delivered by [Plaintiff]

18   arrive.").   Under the first-filed rule, severance and transfer are appropriate.

19          Transfer is appropriate under the framework of Section 1404(a).  Cadence does not argue that

20   its declaratory judgment claim could not have been brought in the Eastern District of Texas.

21   Applying the factors concerning transfer, the Court finds that transfer is warranted.  As discussed

22   above, Lonestar's proceeding in the Eastern District of Texas was first-filed.

23          Principles of judicial economy and comity weigh in favor of transfer of Cadence's

24   declaratory judgment action to the Eastern District of Texas.  In particular, Magistrate Judge Love

25   already analyzed the relevant factors under Section 1404(a), declining to transfer the Lonestar v.

26   Sony proceeding to this Court.  In addition, the Court in the Eastern District of Texas already

27   devoted substantial effort in the now-pending action between Lonestar and Sony with respect to the

28
                                                        -6-
     PROPOSED ORDER GRANTING LONESTAR'S
     MOTION TO SEVER AND TO TRANSFER

'725 patent, and that case is well underway.  Likewise, the Eastern District of Texas indicated that it has prior experience concerning that patent.  *See* 8/29/2011 Order (Case No. 6:10-cv-588 ECF No. 49) at 8-9.

This Court, having considered the arguments concerning the private and public interest factors, determines that other factors for consideration under Section 1404(a) do not weigh against transfer.  Judicial economy is not served by this Court entering into parallel proceedings concerning the '725 patent.  Moreover, severance and transfer of Cadence's declaratory judgment action regarding the '725 patent will substantially simplify the proceedings before this Court, by limiting the claims and defense to two parties, a single area of technology, and one category of accused devices (OEA's software products).  *See* Cadence's Complaint, Counts I-V (ECF No. 1).

Accordingly, plaintiff Cadence Design Systems, Inc.'s claim for Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,208,725 Against Lonestar (Count VI of Cadence's Complaint) is hereby severed and transferred to the United States District Court for the Eastern District of Texas.

IT IS SO ORDERED.

DATED_9/19/11

Honorable Saundra Brown Armstrong
UNITED STATES DISTRICT JUDGE

-7-

PROPOSED ORDER GRANTING LONESTAR'S
MOTION TO SEVER AND TO TRANSFER